## Charles A. Smith *vs.* John N. Randall & another.

**An** officer's return, which sets forth a service of a notice to a creditor of a debtor's application to take the poor debtors' oath, at a magistrate's office, by leaving a copy thereof at the creditor's last and usual place of abode known to the officer, on the day of the examination and " before " one hour previous to the time appointed therefor, without stating how long before, is insufficient, under *St.* 1857, *c.* 141, § 4, to give the magistrate jurisdiction to administer the oath; and parol evidence is admissible to show that the place where service was made was not the last and usual place of abode of the creditor.

**A** discharge in insolvency, under proceedings in which the first publication of the notice of the issuing of the warrant was made on the last day of the time limited in a recognizance for a debtor's delivering himself up for examination, under *St.* 1857, *c.* 141, § 10, is no bar to an action upon the recognizance.

**A** discharge in insolvency is no bar to an action upon a recognizance taken upon an arrest of a debtor on an execution issued upon a judgment recovered upon a claim for necessaries; and, if it only appears that the claim was for clothing furnished to the debtor, the presumption is that such clothing was necessary.

CONTRACT on a recognizance taken under *St.* 1857, *c.* 141, concerning imprisonment for debt, with condition that the defendant Randall, who had been arrested on an execution in favor of the plaintiff, should, within ninety days from the time of his arrest, deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon.

At the trial in the superior court, it was agreed that, on the 5th of April 1858, which was the day when the time limited in the recognizance would expire, Randall applied to a proper magistrate to be admitted to take the poor debtors' oath, and a notice, appointing the office of the magistrate, at No. 30 Court Street, at a quarter past six o'clock in the afternoon of that day, for the purpose, was thereupon issued to the plaintiff, upon which the officer's return was as follows : " Suffolk ss. April 5, 1858. I this day, before 5 o'clock, 15 min., left said Charles A. Smith, at his last and usual place of abode known to me, an attested copy of the above notice. Francis O. Irish, deputy sheriff." Randall thereupon went before the magistrate· at the time and place named, and the oath was administered to him. The notice to the plaintiff was in fact served at the Revere

House in Boston, where he had previously boarded; but, at the time of the notice, and for several months before then, his residence was at No. 2 Chester Square, in Boston; and he did not receive any notice of the defendant's intention to take the poor debtors' oath, and had no knowledge of the proceedings before the magistrate, until long afterwards; and it was agreed that these facts may be considered by the court, if competent.

It was further agreed that the claim on which the plaintiff's judgment was obtained was for clothing furnished by him to Randall; and that Randall has received a discharge in insolvency, under proceedings in which the first publication of the notice of the issuing of the warrant was made on the said 5th of April.

Upon these facts judgment was ordered for the defendants, and the plaintiff appealed to this court.

*E. Avery*, for the plaintiff.

*T. L. Wakefield*, for the defendants.

DEWEY, J. The parties having submitted this case upon a statement of facts, it is not open for the defendants at this stage of the case to object to the want of a more particular and full assignment in the declaration of the breach of the recognizance. The inquiry is whether, upon these facts, the plaintiff has shown a good cause of action against the defendants. By the recognizance the defendants stipulated that Randall should, within ninety days from the time of his arrest, deliver himself up for examination, giving notice in the manner required by law. The requisites of such notice are found in *St.* 1857, *c.* 141, § 4. The statute requires that " the notice shall be served by giving to the creditor, his agent or attorney, an attested copy thereof, or by leaving such copy at the last and usual place of abode of the creditor, allowing not less than one hour before the time appointed for the examination, and allowing time for travel at the rate of not less than one day for every twenty-four miles travel."

It seems to the court that there was a failure in this respect as to this notice. Taking the return of the officer most favorably to the defendants, the time elapsing after the service and before the hearing was too brief to be in compliance with the

statute. The return certifies to no notice earlier than the shortest legal computation of time beyond one hour. The service alleged to be made before 5 o'clock and 15 minutes, imports nothing more than one minute, or perhaps more accurately, one second before the period named. It would be strictly true if either period of time elapsed after the service before the hour of 5 o'clock and 15 minutes. We must therefore assume that this notice was not proved to have been given at any earlier period. The residence of the creditor, as assumed by the place of service, was at the Revere House; and, as agreed by the parties, was in fact at No. 2 Chester Square. The notice was to appear at No. 30 Court Street, and the precise distance of these places from each other is not stated; and, if the duty was on the plaintiff to show affirmatively a want of legal notice, perhaps it ought not to be assumed as known to the court, however familiar the fact may be to them; but thus much does appear, that the places are in different streets, and would require some allowance for travel from one to the other. But the fact of legal notice was essential to the jurisdiction of the magistrate, and must be shown by the defendants. *Park* v. *Johnston,* 7 Cush. 265. The case shows that nothing was allowed for travel, for we do not consider an instant of time, which might have preceded the hour, as any practical allowance of time, or as being in conformity with the requirement of the statute.

When we consider the very short allowance of time which is required by the statute, and one operating in very many cases as no notice at all, the creditor may properly insist that the full time which the law allows shall be secured to him.

2. As to the further objection that in fact no service was made upon the creditor, as his residence was not at the Revere House, but at No. 2 Chester Square, the first inquiry is whether it is competent to the plaintiff to offer evidence of that fact. It is urged by the defendant that the return of the officer is conclusive, and it is true that to the extent to which it speaks affirmatively and absolutely it must conclude these parties. If this return had alleged that a proper notice had been left " at the last and usual place of abode of the said Charles A. Smith,"

this would have been conclusive as to the fact that the notice was left at the proper place. *Lang* v. *Bunker, ante,* 256. But the return is qualified as to the recital of the fact that the notice was left at the last and usual place of abode of the creditor, by adding the words " known to me." If these are qualifying words, then the return is not conclusive. In that aspect of the case, the facts stated may all be true, and yet no notice have been left at the last or usual place of abode of the creditor. It will not be inconsistent with the return in the present case that the creditor, at the time of giving this notice, resided at No 2 Chester Square, inasmuch as it might well be that he resided twelve months prior to this at the Revere House, and that the officer neglected to make inquiry, and had no knowledge of his change of residence. Whenever the officer's return is conclusive, it ought to be of that definite and positive character that he may be held responsible, if it is false. Such would not be the case here. This being so, the case falls within the principle sanctioned by this court in the case of *Tilden* v. *Johnson,* 6 Cush. 354. In the return of the officer in that case, it was stated that the defendant had no last and usual place of abode within his precinct. This return was made the ground of proceedings by the plaintiff, upon the assumption that the defendant had no last and usual place of abode in the county. Upon a writ of error brought to reverse the judgment, this court held that, upon a proper construction of that return, it could be understood as a negative assertion to the extent only of his not knowing of any such last and usual place of abode of the party within his precinct, and that it was competent for the defendant to introduce evidence to show that in fact he had a last and usual place of abode within the precinct of the officer, and thus to establish the fact that legal notice of the process had not been given, and the fact-being thus proved, the judgment was held bad for such want of service.

Applying this rule to the present case, we find the return of the officer only to certify to this extent, that the notice was left at the last and usual place of abode of the creditor known to him ; and this authorized the admission of evidence of the fact

that his last and usual place of abode at the time was at No. 2 Chester Square. This fact being so shown, it then follows that in fact no notice was given, as it is agreed that the notice was left by the officer at the Revere House.

Taking the case in either view of the objection urged against the proceedings in reference to the debtor's submitting himself to examination, in the opinion of the court the defence must fail.

We consider it as fully settled that the question of the regularity of the notice and other proceedings connected with the examination of a poor debtor are always open to inquiry, and are not concluded by the magistrate's certificate of the administration of the oath. *Hobbs* v. *Fogg*, 6 Gray, 251. *Young* v. *Capen*, 7 Met. 287.

A further ground of defence was taken as to the defendant Randall, that he was entitled to avail himself of his discharge in insolvency. This discharge, granted in October 1858, operated as a discharge from all debts and demands, where a liability existed on the day of the first publication of the notice of the warrant, which was on the fifth day of April 1858. This recognizance was not forfeited, and did not create any debt or demand until the expiration of that day, as the ninety days from the arrest then expired, and the debtor had the entire day in which to submit himself to examination. But also on another ground, this discharge will not avail the debtor. The statute exempts from the operation of such discharge any claim for necessaries. *St.* 1848, *c.* 304, § 10. It is stated in the facts agreed that the demand which the plaintiff was seeking to enforce was a claim for clothing furnished to the debtor. In the absence of any other facts we must assume that it was for personal clothing, and that it was such as was suitable and necessary. For the reasons we have stated, this discharge cannot avail the debtor. As regards the other defendant, it would be unavailing, after a breach of the recognizance, the debtor not having received his discharge before such breach.

*Judgment for the plaintiff.*